UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                        )
                                              )
CRAIG MICHAEL MARIUTTO and                    )        Case No. 19-05919-JJG-7
KAITLIN WARD MARIUTTO,                        )
                                              )
        Debtors.                              )

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND FOR ABANDONMENT

Come now Regions Bank ("Regions"), by counsel, and for its *Motion for Relief from Automatic Stay and for Abandonment* ("Motion") respectfully alleges and says:

1.      That on August 10, 2019 the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      That on June 15, 2016 Regions made a loan to Longbranch, Inc. ("Longbranch") in the amount of $160,000.00 ("Loan"). As evidence of the Loan and Longbranch's promise to repay the Loan, Longbranch signed a Promissory Note ("Note"), a copy of which is attached hereto as Exhibit "A".

3.      That, as a condition of Regions making the Loan to Longbranch, Regions required the unconditional guarantee of the Loan by the Debtors.

4.      That on June 15, 2016 the Debtors signed Unconditional Guarantees ("Guarantees") in favor of Regions by which they personally guaranteed repayment of the Loan. Copies of the Guarantees are attached hereto as collective Exhibit "B".

5.      That, as a condition of Regions making the Loan to Longbranch, Regions required the assignment of Life Insurance Policy No. 18636028 issued by The Northwestern Mutual Life

Insurance Company ("Life Insurance Policy") to secure repayment of the Loan and the Debtors' Guarantees.

6.      That on April 5, 2016 the Life Insurance Policy was assigned to Regions as collateral for the Loan. A copy of the Assignment of Life Insurance Policy as Collateral ("Assignment") is attached hereto as Exhibit "C".

7.      That the assignment of and lien upon the Life Insurance Policy in favor of Regions was perfected by means of an Acknowledgement of the Assignment and lien by the Northwestern Mutual Life Insurance Company dated April 7, 2016, a copy of which is attached hereto as Exhibit "D".

8.      That the Debtors' Schedule of Assets in paragraph 31 identifies the following:

"Northwestern Mutual Increasing Comp Life Insurance Policy
Total Death Benefit Amount: $421,205.00
Accumulated Value: $105,001.27
Total Loan: $38,376.91
Surrender or refund value: $66,624.36"

9.      That the life insurance policy identified in paragraph 31 of the Debtors' Schedule of Assets and recited in paragraph 8 above is the Life Insurance Policy.

10.     That the Life Insurance Policy has a cash surrender value of $66,624.36.

11.     That the Debtors' "Schedule D: Creditors Who Have Claims Secured by Property" lists in paragraph 2 the principal Loan balance owed Regions in the amount of $106,629.10, which Regions asserts is correct.

12.     That paragraph B. of the Assignment states:

"It is expressly agreed that, without detracting from the generality of the foregoing, the following specific rights are included in this assignment and pass by virtue hereof: ...

2

    2.  The sole right to surrender the Policy and receive the surrender value thereof at any time provided by the terms of the Policy and at such other times as the insurer may allow; ...."

13.    That paragraph E. of the Assignment contains the following:

"2.  That the Assignee will not exercise either the right to surrender the Policy ... until there has been default in any of the Liabilities ..., nor until twenty days after the Assignee will have mailed, by first class mail, to the undersigned at the addresses last supplied in writing to the Assignee specifically, referring to this assignment, notice of intention to exercise such right; ...."

14.    That the Loan is in default because Longbranch is no longer in operation, and the Debtors have not continued making monthly payments according to the payment schedule contained in the Note, a copy of which is attached hereto as Exhibit "A".

15.    That Regions will notify, in writing, Northwestern Mutual Life Insurance Company of its intent to surrender the Life Insurance Policy in order to receive its cash surrender value. Regions will also provide to the Court proof of receipt of such notification by Northwestern Mutual Life Insurance Company.

16.    That 11 U.S.C. § 362(d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an action against property under subsection (a) of this section, if-
        (A) the debtor does not have any equity in such property; and
        (B) such property is not necessary for an effective reorganization;

17.    That cause exists to lift the automatic stay with respect to the Life Insurance Policy because: (a) the Loan is in default; (b) Regions has a perfected first lien and assignment of the Life Insurance Policy and is, therefore, entitled to its cash surrender value in order to reduce the Loan balance; (c) Regions' interest in the Life Insurance Policy is superior to any interest the Debtors or the Bankruptcy Estate have or may have in the Life Insurance Policy; and (d) Regions' interest in the Life Insurance Policy is not being adequately protected.

18.    That there is no equity in the Life Insurance Policy, including its cash surrender value of $66,624.36, over and above Regions' principal Loan balance of $106,629.10 for the Bankruptcy Estate, and it should, therefore, be abandoned from the Estate.

WHEREFORE, Regions Bank respectfully prays that the Court: (1) lift and modify the automatic stay with respect to the Life Insurance Policy in order to allow Regions Bank to surrender the Life Insurance Policy and request and receive its cash surrender value to apply to its Loan balance; (2) abandon the Life Insurance Policy, including its cash surrender value, from the Bankruptcy Estate, and (3) grant all other relief just and proper in the premises.

/s/ Steven L. Yount
Steven L. Yount
Attorney for Regions Bank
155 E. Market Street, Suite 500
Indianapolis, IN 46204
Telephone: (317) 634-0229
Facsimile: (317) 637-1901
E-Mail: stevenyount@ameritech.net

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically this 13th day of September 2019 through the Court's electronic noticing system. Notice of this filing will be sent to all parties registered to receive filings in this case by operation of the Court's ECF system. Parties not registered to receive filings in this case by operation of the Court's ECF system will be sent a copy of the foregoing via U.S. Mail, first class, postage prepaid. Parties may access this filing through the Court's ECF system.

/s/Steven L. Yount
Steven L. Yount